EMILINE GALLUP, Respondent, *v.* JAMES HENDERSON *et al.*, Appellants.

*Supreme Court, Second Department, General Term, June* 28, 1889.

*New trial. Newly discovered evidence.*—Newly discovered evidence, which will not affect the result of the first trial, does not furnish ground for the granting of a new trial.

Appeal from an order denying a motion for a new trial on the ground of newly discovered evidence.

*S. Jones*, for appellant.

*N. Cothran* (*Brewster Kissam* of counsel), for respondent.

BARNARD, P. J.—The motion for a new trial is based upon a claim that the defendants have discovered evidence since the trial which is material, and upon which a different result will be likely. The evidence consists of two witnesses. One is Andrew J. Cripsey. The action is brought to set aside a reformed deed, and the plaintiff's case was tried upon the theory that it was her mortgage which was foreclosed, and that she should have had the deed. It was claimed by the defendant that the mortgage was really his, and that the plaintiff only nominally held the title. Cripsey's affidavit is entirely at war with this claim. He stated that he met the parties on the ferry boat after the sale, and that the plaintiff said: " She was glad that she and Mrs. Henderson had made the purchase, and that she hoped it would turn out to be a good investment." What had she to do with it if Mr. Henderson testified truly on the trial that she held the title for him. The affidavit of Butcher is equally unsatisfactory. He says he overheard a conversation in an adjoining room, he being an inmate of defendant's office. That one Brown advised Henderson to accept the plaintiff's proposition, " in case the debts did not warrant the payment of too much money."

He heard plaintiff say in presence of Nash, in discussing the matter with the same memoranda book which was present at the Brown interview, that Mrs. Gallup said she would give the defendant all over the $3,000.

That she was satisfied that Henderson should take in case of her death any property she left rather than her husband or relations should get it. Henderson replied that would give all the money she wanted. This interview was to the effect further that Henderson would guarantee the $3,000.

If a new trial should be granted no different result could be expected with this new evidence, in view of the relationship of the party, and of the hard and inconceivable motive of the contract itself. There is no question, but that the plaintiff tells the exact truth about the dealings of the parties. The claim to her was always apparently honorable, and any deviations in the papers, therefore, were for ultimate purpose of which she was not designed to be cognizant.

Order affirmed, with costs and disbursements.

PRATT, J., concurs; DYKMAN, J., not sitting.